UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GIAN BIOLOGICS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-cv-303 JD |
| ) | |
| BIOMET BIOLOGICS, LLC, ) | |
| ) | |
| Defendant, ) | |

**AMENDED REPORT OF PARTIES' PLANNING MEETING**

In accordance with Fed. R. Civ. P. 26(f), a meeting was held on September 23, 2011 by telephone and was attended by Daniel Kotchen, Daniel Low, and Robert Klinck for Plaintiff Gian Biologics, LLC ("Gian") and Richard T. McCaulley and John LaDue for Defendant Biomet Biologics, LLC ("Biomet").  On October 11, 2011, Magistrate Judge Nuechterlein adjourned this matter until December 7, 2011.  On November 21, 2011 a follow up meeting was held by telephone and was attended by Daniel Kotchen and Daniel Low for Gian, and by Janice V. Jabido for Biomet.  Those meetings resulted in the following report:

1. <u>Pre-Discovery Disclosures.</u>  The parties will exchange by January 13, 2012 the information required by Fed. R. Civ. P. 26(a)(1).

The parties agree that the computation of damages required by Fed. R. Civ. P. 26(a)(1)(A)(iii) is premature and that such disclosures can be made at the time of disclosure of expert testimony in this case pursuant to Fed. R. Civ. P. 26(a)(2).

2. <u>Discovery Plan.</u>  The parties jointly propose to the Court the following discovery plan:

- Discovery will be needed on issues of patent validity, enforceability, infringement,

and measure of damages.

- Disclosure or discovery of electronically stored information should be handled as follows:

    i. <u>General</u>.
        Electronic discovery shall be produced to the requesting party in a text-searchable, commercially reasonable manner. When commercially reasonable, documents shall be converted directly from native format to facilitate accurate text searching. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party copies of the documents on CD or DVD, by e-mail, or by other electronic means. If the receiving party determines in good faith that a disclosure of a document in non-native format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided in native format. If a requesting party requests the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure shall be made in a commercially reasonable manner.

    ii. <u>Cost and Burden of Producing Electronic Discovery</u>.
        Unless the party with burden of bearing the costs (as specified below) demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, including electronic documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the responsive documents; (2) To the extent that a party requests to physically examine or inspect the electronic files contained on a hard drive, server, computer, voice mail system or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner. Consistent with the Federal Rules of Civil Procedure and case law, the parties may request and the Court may consider cost-shifting, for example: for ESI production requests disproportionate to the nature of the case, the amount involved, or the issues or values at stake; or for a party's nonresponsive or dilatory discovery tactics.

    iii. <u>Inadvertent Disclosure of Privileged Documents</u>.
        To the extent that counsel for a disclosing party receives electronic discovery from its client and the discovery does not

       contain any privileged communications, counsel for the disclosing party may forward such electronic discovery to opposing counsel by e-mail without waiving the attorney-client privilege. The parties also agree that if counsel for either party inadvertently discloses information protected by the attorney-client, work product, or any other privilege, such disclosure shall be governed by Fed. R. Civ. P. 26(b)(5). When a party learns that privileged information either received or produced has been inadvertently disclosed, the party shall notify the other party in writing and the document shall be returned so that the document may be withheld or redacted, as appropriate, and shall be identified in a privilege log. The parties acknowledge that either party may challenge the other party's claim of privilege pursuant to Rule 37 of the Federal Rules of Civil Procedure.

  iv.  <u>Preservation of Data</u>. The parties will make every effort to preserve all electronic data relevant to either party's claims or defenses.

  v.  <u>Additional Issues</u>. At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise that are not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

- The parties agree that documents will be produced on a rolling basis as soon as they have been located and numbered.

- The parties agree to confer in good faith regarding the scheduling of depositions on a mutually convenient date before issuing deposition notices.

- The parties each represent that they are taking the necessary steps to preserve potentially relevant hard-copy and electronic documents and data required under the Federal Rules.

- The parties have agreed to an order regarding claims of privilege or of protection of trial protection material in the form of the attached Proposed Protective Order.

3

- The last date for the Plaintiff to seek leave of court to join additional parties or to amend the pleadings is **April 16, 2012**.

3. Discovery Schedule:

    - The parties shall exchange a list of the claim terms and phrases that each party contends the Court should construe, and each party's proposed constructions of those terms or phrases by:   **March 16, 2012**.
    - The Plaintiff's Markman brief on construction of patent claims will be due on**: April 20, 2012**.
    - The Defendant's responsive Markman brief on construction of patent claims will be due on**:   May 18, 2012**.
    - The Plaintiff's Markman reply brief on construction of patent claims will be due on**:   June 6, 2012**.
    - The filing of reports by retained experts under Rule 26(a)(2) on issues for which the party bears the burden of proof will be due on**: September 20, 2012**.
    - The filing of rebuttal expert reports will be due on**: October 19, 2012**.
    - The last date for the completion of all discovery is**: December 21, 2012**.
        - The parties have agreed to the following limitations on discovery, which can be altered only upon agreement between the parties or approval by the Court:
            a. Maximum of 25 interrogatories issued by each side.
            b. Maximum of 10 depositions taken by each side.
            c. Each deposition is limited to maximum of 7 hours unless extended

>by agreement of parties or leave of Court.

- The last date for the filing of all potentially dispositive motions is**: January 25, 2013**.

- The timing of filing of pretrial disclosures under Fed. R. Civ. P. 26(a)(3) shall be governed by separate order.

- The case should be ready for jury trial within **thirty (30) days** after the Court's ruling on dispositive motions, and at this time, the trial is expected to take one week.

4. <u>Courtroom Technology</u>. Counsel are aware that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. Counsel know that this includes an evidence presentation system, which consists of a document camera, digital projector, and screen. Counsel know the projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. Counsel acknowledge they can contact one of the Court's courtroom deputy clerks for information or training.

5. <u>Service by E-mail.</u>   The parties agree to serve all papers, including but not limited to discovery requests and responses, on the opposing party via e-mail (or by ECF), which will constitute effective service under Fed. R. Civ. P. 5(b)(2)(E).

6. <u>Alternative Dispute Resolution.</u>   The parties have discussed alternative dispute resolution and agree that settlement negotiations and alternative dispute resolution will have a better chance of success after claim construction and initial discovery are completed.   The parties will revisit settlement negotiations and/or alternative resolution at that time.

Dated: December 6, 2011					Respectfully Submitted,


/s/ David Cerven						/s/ John LaDue
David Cerven						John LaDue
Attorney No. 3991-45					LaDue Curran & Kuehn LLC
9013 Indianapolis Blvd.					200 First Bank Bldg
Highland, IN    46322					205 W Jefferson Blvd
(219) 838-9200						South Bend, IN 46601
(219) 972-7110 facsimile					574-968-0760
Email: dcerven@yahoo.com				Fax: 574-968-0761
							Email: jladue@lck-law.com

Daniel Kotchen
Daniel L. Low						Counsel for the Defendant
Robert A. Klinck
Alicia Gutierrez
KOTCHEN & LOW LLP
2300 M Street NW, Suite 800
Washington, DC   20037
Telephone:   (202) 416-1848
Facsimile:   (202) 280-1128
dkotchen@kotchen.com

Counsel for the Plaintiff