UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GIAN BIOLOGIES LLC, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | CAUSE NO. 3:11cv303 JD |
| ) | |
| BIOMET INC., ) | |
| ) | |
| Defendant(s). ) | |

**SCHEDULING ORDER AND MEMORANDUM OF STATUS CONFERENCE**

In accordance with Fed. R. Civ. P. 26(f), a Rule 16 Preliminary Pretrial Conference was held telephonically on December 7, 2011, plaintiff(s) were represented by David Cerven, Daniel A. Kotchen and defendant(s) were represented by John D. LaDue, John A. Drake and Richard T. McCaulley.

1. <u>Pre-Discovery Disclosures</u>.  The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **January 13, 2012**.

2. <u>Discovery Plan</u>.

The last date for the completion of all discovery is **December 21, 2012**.

Each party may serve a maximum of 25 interrogatories and 30 requests for admission on any other party.

Each party may conduct a maximum of 10 depositions, limited to maximum of 7 hours, unless extended by agreement of parties.

1

The Court having considered the parties submission concerning electronic discovery disputes, now adopts and incorporates by reference the parties agreement as contained in the Report of Parties Planning Meeting of **December 6, 2011.**

The parties shall exchange a list of the claim terms and phrases that each party contends the Court should construe, and each party's proposed constructions of those terms or phrases by: **March 16, 2012**.

The Plaintiff's Markman brief on construction of patent claims will be due on**: April 20, 2012**.

The Defendant's responsive Markman brief on construction of patent claims will be due on**: May 18, 2012**.

The Plaintiff's Markman reply brief on construction of patent claims will be due on**: June 6, 2012**.

The filing of reports experts under Rule 26(a)(2) on issues for which the party bears the burden of proof will be due on **September 20, 2012.** The filing of rebuttal expert reports will be due on **October 19, 2012.**

Supplementation under Rule 26(e) due every **six weeks** until trial.

3.  Other Items.

The last date for the parties to amend the pleadings without leave of court is **January 13, 2012.** Thereafter, any amendments to the pleadings must be by motion and leave of court.

The timing of filing pretrial disclosures under Fed. R. Civ. P. 26 (a)(3) shall be governed by separate order.

Because the presiding judge will set the deadline for dispositive motions and trial date,

the summary judgment deadline in FRCP 56(c)(1)(A) shall not apply in this case.

Additionally, consistent with Local Rule 16.6, the parties shall report to the court which, if any, of the Alternative Dispute Resolution processes of Local Rule 16.6 (b) they wish to employ and if mediation is selected, the parties shall indicate the name of the mediator they have agreed upon. If the parties can not agree upon a mediator, or if none is named, the court will appoint a mediator**.** The **defendant** shall submit the joint report no later than **January 13, 2012.**

**SO ORDERED.**

Dated this December 7, 2011.

<u>s/ Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge


**EXPLANATION OF SCHEDULING ORDER:**

This explanation attempts to resolve ambiguities that have arisen in the past concerning the meaning of deadlines and other issues. The scheduling order must be enforced to allow the orderly handling of all the cases on the court's docket. Accordingly, pursuant to Fed. R. Civ. P. 16(b) and § 2.03(g) of this court's Civil Justice Expense and Delay Reduction Plan, the deadlines will be modified only for good cause shown. This explanation of the scheduling order is meant to assist you in preparing the case within those deadlines, without running afoul of any misinterpretation.

A. <u>Discovery</u>.

1. <u>Time limit for discovery requests</u>. All discovery other than depositions must be initiated at least forty-five days before the cut-off date. A deposition commenced at least five days before the cut-off date may continue beyond the cut-off date. Notices of deposition shall be

served on opposing counsel at least fifteen days before the deposition date.

      2. <u>Discovery disputes</u>.  Fed. R. Civ. P. 1 requires that the rules of procedure be construed to secure the just, speedy, and inexpensive determination of every action.  Accordingly, discovery should be consistent with the needs and importance of the case, and be so conducted as to minimize the burden of discovery and concentrate on issues genuinely in dispute.  You should be able to resolve substantially all discovery disputes without the court's intervention or assistance.  You should note District Rule 37.1 concerning the obligation of counsel to confer before enlisting the court's assistance under Fed. R. Civ. P. 26 or 37.  To allow the court's compliance with Fed. R. Civ. P. 26(c) and 37(a)(4) in the event a discovery dispute reaches the court, you should be prepared to state, in terms of hours expended and hourly rate, the fees and expenses incurred with respect to the discovery issue.

      B.  <u>Other matters</u>.

      1. <u>Modification of order; continuances</u>.  Continuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired.  <u>See</u> Fed. R. Civ. P. 16(b); Civil Justice Plan § 2.03(g).  Lack of diligence or failure to comply with the scheduling order cannot be considered good cause.  Absent disabling circumstances, the deadline for completion of discovery will not be extended unless there has been active discovery.  Stipulations for extensions will be considered, of course, but, without more, do not amount to good cause for an extension of a deadline.  A motion to extend the discovery deadline should set forth (a) a statement of the discovery completed, (b) a specific description of the discovery that remains to be done,(c) a statement of the reason(s) discovery was not completed within the time allowed, and (d) a proposed schedule for the completion of the remaining discovery.

      2. <u>Briefing schedules</u>.  The briefing schedule set forth in District Rule 7.1 shall apply to all motions, other than motions for enlargement of time and summary judgment motions.  In other words, the response to any motion (other than for enlargement of time or for summary judgment) shall be due not more than fifteen days after service of the motion, and the movant's reply shall be due not later than seven days after service of the response.  If you do not intend to file a response or reply, please inform the courtroom deputy clerk, Sharon Macon (574-246-8104), so that no unnecessary delay arises from awaiting a brief that will not be filed.  While the parties may have agreed to a deadline for the filing of a dispositive motion, the presiding judge will set that deadline as well as a deadline for filing Daubert motions and a trial date.  The court will presume that motions for enlargement of time (other than for extension of the deadlines set forth in this order) will not be opposed; if you intend to oppose a request for enlargement of time, notify the courtroom deputy clerk immediately.

      3. <u>Settlement</u>.  The court encourages counsel to pursue the possibility of settlement vigorously during the entire pendency of this action, through and including the end of trial.  Private negotiations are the most cost-effective approach to settlement.  Civil Justice Expense and Delay Reduction Plan, § 4.01.

      4.  <u>Further conferences or hearings</u>.  Hearings on motions will be scheduled as needed.  If lengthy discovery has been allowed, interim status conferences may be scheduled to monitor the case's progress and address any issues that may have arisen.


Form 0910